## Atkinson v. The Miller Supply Co.

(Decided November 11, 1910.)

### Appeal from Lawrence Circuit Court.

Contract—Sale of Claims Against Insolvent Debtor—Question of Ownership of Claim.—In the matter of ownership of a claim for about $1,500.00 against the Louisa Water Company. which was ordered sold and alleged to have been purchased by The Miller Supply Company by a writing that it is claimed was never delivered to the alleged purchaser. Held, that each party introduced positive testimony sustaining their allegations, and we are unwilling to disturb the finding of the lower court on the facts. (See Miller Supply Co. v. Louisa Water Co.'s Assignee, et al., 128 Ky. 476.)

.W. T. CAIN, M. S. BURNS and A. J. GARRED for appellant.

GEORGE S. WALLACE for appellee.                    . . . .

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

A few years since, the Louisa Water Company made an assignment, and one F. L. Stewart was appointed receiver. Appellee presented claims against the Water

Company amounting to about $3,500.00, and something over $2,500.00 worth of them was allowed as common claims against the Water Company. (Miller Supply Co. v. Louisa Water Co.'s Assignee, &c., 128 Ky. 476.) The property of the Water Company was ordered sold, and appellant, G. W. Atkinson, purchased the property at a price which satisfied all the preferred claims and paid about 60 cents on the dollar of the general unsecured claims. Appellant claims to have purchased from appellee its claims allowed against the Water Company, under and by the following contract:

"In consideration of $1,019.70 cash in hand paid, the receipt of which is hereby acknowledged, The Miller Supply Company hereby assigns, sells, and sets over to G. W. Atkinson its judgment against the Louisa Water Company in the Lawrence Circuit Court of Kentucky (April Term, 1907), it being expressly understood this sale is made without recourse, and is a sale only of any amount that may be due it in the case of Castle, Assignee v. Louisa Water Company, et al.

"THE MILLER SUPPLY COMPANY,
"By W. J. HARVEY, Secretary."

This writing was never delivered to appellant, as he alleges, but by agreement it was left with W. J. Harvey, Secretary of appellee, with the understanding that he would send it the next day to the First National Bank of Louisa, together with a draft on that bank for $1,019.70, the purchase price of the claims, which Harvey failed to do. Atkinson, a few days afterwards, tendered to appellee the above amount, and demanded an assignment of the claims, which was refused, and he then instituted this action against appellee and the receiver to enforce his alleged contract. Appellee answered and denied the allegations of the petition and averred that the trade was never completed; that it was true its secretary signed the writing copied above, but that it was with the distinct understanding that the paper was to be retained by its secretary to be submitted to the president and directors of the company for their approval, and as they disapproved, the paper was never sent to the bank in Louisa.

The lower court tried the case and rendered judgment in favor of appellee. It is not necessary to refer to the testimony in detail; it is sufficient to say that each party introduced positive testimony sustaining their allega-

tions, and we are unwilling to disturb the finding of the lower court upon the facts, as the testimony of each party is about of equal weight.

For these reasons the judgment of the lower court is affirmed.